KENT M. ROGER, State Bar No. 95987
PATRICIA S. KIM, State Bar No. 237483
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
kroger@morganlewis.com
pskim@morganlewis.com

Attorneys for Defendant
Pearson Education, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| FREDERIC H. MARTINI, INC., a Hawaii Corporation,<br><br>                Plaintiff,<br><br>vs.<br><br>PEARSON EDUCATION, INC., a Delaware Corporation, dba Benjamin Cummings,<br><br>                Defendant. | Case No. C 04-04187 SI<br><br>**STIPULATION AND [PROPOSED] ORDER CONCERNING EXTENSION OF ORDER OF DISMISSAL UPON SETTLEMENT** |

      The parties submit this Stipulation for the Court's approval.

      The parties hereby stipulate and agree to the following:

      1.     On August 1, 2005, the parties participated in Early Neutral Evaluation, during which the parties agreed to settlement of this matter and to certain settlement terms.

      2.     Under the settlement terms, Defendant Pearson Education, Inc. ("Pearson") agreed to the production of certain documents to Plaintiff Frederic H. Martini, Inc. ("Martini"). (The

production of certain documents pursuant to the settlement terms is hereinafter referred to as the "Post-ENE Production of Documents"). The settlement terms also provide that Pearson will pay certain royalties due on products identified through the Post-ENE Production of Documents and will owe auditor fees only under certain circumstances. Moreover, because the parties intend to continue their business relationship, the settlement terms include provisions pertaining to that future relationship.

3. Under the settlement terms, the parties agreed that disputes regarding the amounts owed, or disputes about or resulting from the Post-ENE Production of Documents, would be subject to binding arbitration before Stuart Gasner, Esquire, who served as the parties' Early Neutral Evaluator on August 1, 2005.

4. On account of the parties' agreement to settle this matter, this Court dismissed the matter with prejudice pursuant to the Order of Dismissal Upon Settlement, dated August 10, 2005. See Docket Entry 39. The Order of Dismissal Upon Settlement further ordered that, "if any party hereto certifies to this court, with proof of service of a copy thereon on opposing counsel, within ninety days from the date hereof, that settlement has not in fact occurred, the foregoing order shall be vacated and this cause shall forthwith be restored to the calendar for further proceedings." Order of Dismissal Upon Settlement, Docket Entry 39. The Order thus provides a ninety day period within which to notify this Court that settlement has not occurred (the "Ninety Day Period").

5. On account of the extensive Post-ENE Document Production and the negotiations concerning provisions pertaining to the future relationship between the parties, the parties stipulated to an extension of the date of dismissal set forth in the Order of Dismissal Upon Settlement. Pursuant to the parties' stipulation, the Court extended the date of dismissal set forth in the Order of Dismisal Upon Settlement to December 9, 2005. See Order Concerning Extension of Order of Dismissal Upon Settlement, filed October 17, 2005, at Docket Entry 41.

6. On account of the need to resolve various issues, including various accounting issues, the parties stipulated to an additional extension of the December 9, 2005 date of dismissal set forth in the October 17, 2005 Order Concerning Extension of Order of Dismissal Upon

Settlement. Pursuant to the parties' stipulation, the Court extended the date of to December 30, 2005. See Order Concerning Extension of Order of Dismissal Upon Settlement, filed November 21, 2005, at Docket Entry 43.

7. Since August 1, 2005, the parties have been engaging in active and good faith efforts to finalize the Settlement Agreement between the parties without the assistance of the Court or any third party.

8. Despite their good faith efforts, the parties have been unable to resolve their dispute concerning any amounts that may be owing by Pearson to Martini pursuant to their settlement terms and the final terms of the Settlement Agreement.

9. On December 8, 2005, the parties participated in a conference call before Mr. Gasner. The parties have agreed to arbitrate their dispute concerning any amounts that may be owing by Pearson to Martini pursuant to their settlement terms. By agreement of the parties, the arbitration concerning this dispute is scheduled for February 9-10, 2006.

10. The parties commit to continuing good faith efforts to resolve their dispute prior to the arbitration scheduled for February 9-10, 2006.

11. In the event that the parties are unable to resolve their dispute, however, and in consideration of the anticipated arbitration date of February 9-10, 2006, the parties foresee requiring additional time, beyond December 30, 2005, to finalize the Settlement Agreement between the parties. Accordingly, an extension of the date of dismissal upon settlement is appropriate and necessary in this matter.

12. An extension of the date of dismissal from December 30, 2005 to March 15, 2006 is anticipated to provide sufficient time for Mr. Gasner to present a decision on the dispute set for arbitration before him on February 9-10, 2006.

13. The parties, therefore, stipulate and agree that this matter should continue to be dismissed with prejudice pursuant to the Order of Dismissal Upon Settlement, dated August 10, 2005. See Docket Entry 39. However, if any party hereto certifies to this Court, with proof of service of a copy thereon on opposing counsel, on or before March 15, 2006, that settlement has not in fact occurred, the Order of Dismissal Upon Settlement will be vacated and this cause shall

1  be restored forthwith to the calendar for further proceedings.

2    14. The filer of this document attests that concurrence in the filing of this document has been obtained from the other signatory.

Dated: December ___, 2005

By _____
Michael R. Lennie
Law Offices of Michael R. Lennie APC
*Attorney for Plaintiff*
*Frederic H. Martini, Inc.*

Dated: December ___, 2005

By _____
Kent M. Roger
Morgan Lewis & Bockius, LLP
*Attorney for Defendant*
*Pearson Education, Inc.*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

No further extensions will be granted

Dated: December ___, 2005

_____
SUSAN ILLSTON
United States District Court Judge

*IT IS SO ORDERED* — Judge Susan Illston

4
STIPULATION AND [PROPOSED] ORDER CONCERNING EXTENSION OF ORDER OF DISMISSAL UPON SETTLEMENT